**STRAWBERRY & VEGETABLE AUCTION, Inc., v. RAILWAY EXPRESS AGENCY, Inc.**

**No. 1036.**

Court of Appeal of Louisiana. First Circuit.

Oct. 5, 1932.

S. S. Reid, of Amite, for appellant.

Carroll Buck, of Amite, for appellee.

LE BLANC, J.

The demand here presented is for the loss in value of a shipment of strawberries alleged to have been caused by improper handling on the part of the defendant Express Company. From a judgment dismissing its suit on an exception of no right of action, the plaintiff has taken this appeal.

The shipment originated in the parish of Tangipahoa on April 16, 1930; part of the berries having been loaded at Pontchatoula and the rest at Hammond. In the petition, it is alleged that, after the berries had been loaded, the car was consigned to plaintiff's order at Mattoon, in the state of Illinois, and that the defendant issued to plaintiff its negotiable receipt or bill of lading accordingly, the "car being subject to diversion to other destination upon the timely filing of diversion order." In paragraph 8 of the petition, plaintiff alleges "that on April 16, 1930, after said car was loaded, and was delivered to and accepted by the defendant for shipment, the berries therein loaded were sold by petitioner to H. Rouw for the sum of $2.75 per crate, net to petitioner, the purchaser to pay all transportation charges," etc. Thereafter, in paragraph 9, it is alleged that the berries were diverted from their original destination by the purchaser, Hugh Rouw, to Litman Produce Company, at Kansas City, in the state of Missouri, at which point they were delivered on April 18, 1930.

From the allegations of the petition, it seems evident that there had been a complete sale of the strawberries. The price was fixed and determined between the parties and a delivery effected and accepted by the purchaser, who, in addition, exercised an act of ownership by diverting the shipment from its original destination.

Under a shipment, and the circumstances as disclosed in plaintiff's petition, the berries had become the property either of H. Rouw or his consignee, Litman Produce Co., in Kansas City. See Sonia Cotton Oil Co., Ltd., v. The Red River et al., 106 La. 42, 30 So. 302, 87 Am. St. Rep. 293. The plaintiff, having parted with its title to and ownership of the berries, is without right to maintain the present action.

The exception was correctly sustained, and the judgment of the lower court is therefore affirmed.